FILED
CLERK

4:13 pm, May 06, 2019

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X         For Online Publication Only
JAMES BAKER,

                Plaintiff,

    -against-                                             **ORDER**
                                                                16-CV-5285 (JMA)
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
────────────────────────────────────────X

**AZRACK, United States District Judge:**

On September 22, 2016, pro se plaintiff James Baker commenced this action seeking review of the final determination by the Commissioner of Social Security (the "Commissioner"), reached after a hearing before an administrative law judge, denying plaintiff disability insurance benefits under Title II of the Social Security Act (the "Act"). (ECF No. 1.) Before the Court is the Commissioner's motion to dismiss the complaint as untimely. (ECF No. 14.) Plaintiff has not opposed the Commissioner's motion or otherwise communicated with the Court since July 2017. For the reasons discussed below, the Commissioner's motion is granted.

## I. BACKGROUND

On January 12, 2015, plaintiff filed an application for disability insurance benefits, alleging disability as of January 1, 2008, due to cancer, heart problems, post-traumatic stress disorder, depression, and brain surgery. (ALJ Decision, ECF No. 15-1, at 8.) On July 15, 2016, the Appeals Council denied plaintiff's request for review. (Notice of Appeals Council Action, ECF No. 15-1, at 23.) The Appeals Council sent its notice of denial to plaintiff and his representative, Alexandra Michalowicz, that same day. (Declaration of Cristina Prelle ("Prelle Decl."), ECF No. 15-1, at 3.) In his complaint, plaintiff states that he received the Appeal

Council's notice of denial on July 21, 2016. (Compl. at ¶ 8.) This notice informed plaintiff of his right to commence a civil action in federal court within sixty (60) days from the date of receipt:

> **If You Disagree With Our Action**
>
> If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.
>
> If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.
>
> **How to File a Civil Action**
>
> You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter . . .
>
> **Time To File a Civil Action**
>
> - You have 60 days to file a civil action (ask for court review).
> - The 60 days start the day after your receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
> - If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.
>
> You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

(Notice of Appeals Council Action, ECF No. 15-1, at 23–24.) Plaintiff did not request an extension of time to file a civil action. (Prelle Decl., ECF No. 15-1, at 3.) On September 22, 2016, plaintiff commenced this action. (ECF No. 1.)

## II. DISCUSSION

### A. <u>Timeliness</u>

District court review of the Commissioner's final decision on claims arising under Title II of the Act is provided for and limited by 42 U.S.C. § 405(g). Claimants seeking district court review of a final decision by the Commissioner must file a civil action within sixty days of receiving notice of such a decision. 42 U.S.C. § 405(g). The notice is presumed to have been received five days after the date of such notice unless a plaintiff can show otherwise. 20 C.F.R. § 422.210(c). Failure to timely file, even when the delay is minor, requires dismissal of the case. <u>See, e.g.</u>, <u>Johnson v. Comm'r of Soc. Sec.</u>, 519 F. Supp. 2d 448, 448 (S.D.N.Y. 2007) (dismissing a complaint filed nine days after deadline); <u>Davila v. Barnhart</u>, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (dismissing a complaint filed one day after deadline).

Here, plaintiff admits in his complaint that he received the Appeals Council's notice of denial on July 21, 2016. (Compl. at ¶ 8.) Thus, plaintiff was required to commence this action on or before September 19, 2016 in order for his action to be timely. Plaintiff, however, commenced this action on September 22, 2016—three days after the deadline. Therefore, this action is untimely.

### B. <u>Equitable Tolling</u>

"Equitable tolling of the limitations period found in Section 405(g) is not infrequently appropriate, as Congress intended to be 'unusually protective' of claimants in this area." <u>State of New York v. Sullivan</u>, 906 F.2d 910, 917 (2d Cir. 1990) (quoting <u>Heckler v. Day</u>, 467 U.S. 104, 106 (1984)). Plaintiff has the burden of proving whether equitable tolling applies. <u>Boos v. Runyon</u>, 201 F.3d 178, 185 (2d Cir. 2000). The Commissioner contends that there is no basis to toll the sixty-day requirement. (Def.'s Mem. 5–7.) In light of plaintiff's <u>pro se</u> status, the Court will consider the applicability of equitable tolling despite plaintiff's failure to raise it or

3

otherwise oppose the Commissioner's motion to dismiss.

"[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGulielmo, 544 U.S. 408, 418 (2005)). The plaintiff must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing." Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010) (internal quotation omitted). Illness and poor health do not typically rise to the standard of an extraordinary circumstance in the context of a social security claim. See, e.g., Wong v. Bowen, 854 F.2d 630, 631 (2d Cir. 1988) (holding that allowing equitable tolling on the basis of health-related issues "would thoroughly undermine Section [405(g)'s] sixty-day limitation"). Thus, while plaintiff claims he suffers from heart problems, post-traumatic stress disorder, and depression, there is nothing in the record—and plaintiff has filed no response to the contrary—to suggest an extraordinary circumstance that prevented him from filing by the September 19, 2016 deadline. Accordingly, the complaint is untimely and must be dismissed.

### III. CONCLUSION

For the reasons stated above, the Commissioner's motion to dismiss the complaint is granted. The Clerk of the Court is respectfully directed to enter judgment accordingly, close this case, and mail a copy of this Order to the pro se plaintiff.

**SO ORDERED.**
Dated: May 6, 2019
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE
